TYRONE L. LIPSON,

    Petitioner,

                                          Case No. 15-cv-810-pp

v.

MARC CLEMENTS.

    Respondent.

**ORDER DIRECTING PETITIONER TO FILE SUPPLEMENTAL INFORMATION OR DOCUMENTS SUPPORTING THE PETITIONER'S MOTION TO STAY (DKT. NO. 2)**

        On July 6, 2015, petitioner Tyrone Lipson, representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. No. 1. He paid the $5.00 filing fee on July 13. The petitioner stated only one ground for habeas relief in the petition. He claimed that his Sixth and Fourteenth Amendment rights were violated when his attorney did not object to prosecution's alleged improper personal and institutional vouching for the truth of certain witnesses' testimony. Dkt. No. 1-1. The petition indicates that the petitioner appealed this issue to the Wisconsin Court of Appeals, and attaches that court's decision affirming the trial court. Dkt. No. 1-2. He also indicates that he petitioned the Wisconsin Supreme Court for review of the appellate decision, and that the Supreme Court denied that request. Dkt. No. 1

1

at 3. It appears, based on this information, that the petitioner has exhausted his state court remedies as to the claim he raises in petition.

Along with the petition, the petitioner filed a short letter, which he asked the court to construe as "a motion staying this Writ pending the States [sic] decision on Counsel failing to object on an all white jury." Dkt. No. 2. In the letter, the petitioner stated that "it was necessary to file this writ to stay the time on this Federal filing." Id. Because, as the court indicated above, the petitioner appears to have exhausted his remedies for the claim he raises in his petition, it appears that this letter is the petitioner's way of asking the court to stay proceedings on the claim he raises in the petition (his counsel's failure to object to the prosecutor's expressions of personal opinion), and toll the statute of limitations as to that claim, while he tries to exhaust a *different* claim in the state court system.

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the Supreme Court held that the Antiterrorism and Effective Death Penalty Act does not prevent the district court from issuing a stay in a habeas case when a petitioner has both exhausted and unexhausted claims. The Supreme Court recognized that the interplay between AEDPA's one-year statute of limitations and the "total exhaustion requirement" of Rose v. Lundy, 455 U.S. 509, 102 U.S. 1198 (1982), creates a risk that petitioners who file a "mixed" petition (one with both exhausted and unexhausted claims) might "forever lose their opportunity for any federal review of their unexhausted claims." Id. at 274-75. For that reason, the Supreme Court "instructed prisoners who are unsure

about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005) (internal quotation marks and alteration omitted). The Seventh Circuit has "informed the district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

Based on the current record, the court cannot find that good cause exists to stay further proceedings on the petition. The petitioner has not provided the court with any information about his apparently unexhausted claim that his counsel failed to object to the racial composition of the jury. It is unclear whether he has presented that claim to any state court at any time and, if not, why not. Further, the petitioner did not provide any facts or law that would allow the court to determine whether the racial composition claim has any arguable merit. Without that information, the court cannot decide whether a stay is appropriate.

Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

3

Under that rule, the district court must "promptly examine" the petition to decide whether the claim or claims can proceed. Given the uncertain facts and circumstances relating to the petitioner's unexhausted claim, the court will screen the petition under Rule 4 as soon as the petitioner has filed the information required in this order. Once the petitioner provides the required information, the court will be able to evaluate all of the petitioner's claims to determine if any of them can proceed and, if so, enter an appropriate order.

Accordingly, the court **ORDERS** the petitioner to file, on or before **September 8, 2015**, a document that explains the facts supporting his claim that he is entitled to habeas relief because his counsel allegedly "fail[ed] to object to an all white jury," and which explains the course of the state courts' review of that claim (in other words, which court or courts have reviewed that claim, the results of that review, and which court, if any, still needs to issue a decision). The petitioner may attach to or include with his filing additional documents or information that he believes would assist the court in deciding whether good cause exists to stay proceedings on his §2254 petition.

The court advises the petitioner that, after September 8, 2015, the court will screen the petition and determine if a stay is appropriate. The court further advises the petitioner that, if he does not file any additional information

4

or documents to support his motion to stay, the court may deny his motion to stay proceedings, and simply screen the complaint as it now stands.

Dated in Milwaukee this 28th day of July, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge