UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE L. LIPSON,

Case No. 15-cv-810-pp

      Petitioner,

v.

MARC CLEMENTS.

      Respondent.

**ORDER DENYING PETITIONER'S MOTION TO STAY (DKT. NO. 2), AND ORDERING PETITIONER TO NOTIFY THE COURT WHETHER HE WISHES TO PROCEED ON HIS EXHAUSTED CLAIM**

On July 6, 2015, petitioner Tyrone Lipson, representing himself, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. The petition contains only one ground for habeas relief—that the petitioner's Sixth and Fourteenth Amendment rights were violated when his attorney did not object to the prosecution's alleged improper personal and institutional vouching for the truth of certain witnesses' testimony. Dkt. No. 1-1. Along with the petition, the petitioner filed a letter, which he asked the court to construe as "a motion staying this Writ pending the States [sic] decision on Counsel failing to object on an all white jury." Dkt. No. 2. In the letter, the petitioner stated that "it was necessary to file this writ to stay the time on this Federal filing." Id.

In an order dated July 28, 2015, the court concluded that the petitioner appeared to have exhausted his remedies for the claim raised in his petition

1

(his counsel's failure to object to the prosecutor's expressions of personal opinion). Dkt. No. 7. The court opined that the petitioner's July 6, 2015 letter was asking the court to stay proceedings on that claim (and to toll the statute of limitations as to that claim) while he tried to exhaust a *different* federal constitutional claim in the state court system. The unexhausted claim arose out of the petitioner's trial "counsel's failure to object on an all white jury." Dkt. No. 7 at 1-2; Dkt. No. 2 at 1. In that order, the court explained that the Supreme Court recognized that AEDPA's one-year statute of limitations, and the "total exhaustion requirement" of Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982), created a risk that petitioners who file a "mixed" petition (one with both exhausted and unexhausted claims) might "forever lose their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 274-75, 125 S. Ct. 1528, 1533 (2005). For that reason, the Supreme Court "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005) (internal quotation marks and alteration omitted). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

At the time the court issued its order, the court could not determine if good cause existed to stay further action on the petition. The petitioner had not

provided any information about his apparently unexhausted due process and Sixth Amendment claims related to the racial composition of the jury. So, the court asked the petitioner to filed a document that explained the "facts supporting his claim that he is entitled to habeas relief" because his counsel did not object to the racial composition of the jury, and which explained "which court or courts have reviewed that claim, the results of that review, and which court, if any, still needs to issue a decision)." Id. at 4.

On August 20, 2015, the petitioner filed a supplement to his petition. Dkt. No. 8. The information indicates that the events giving rise to the claim occurred on January 23, 2012. The petitioner explains in detail why he believes that he was denied his civil rights when his counsel did not object to the composition of the jury, and when the court did not do anything about it. Id. at 1-2. The information does not, however, include an explanation of which courts had reviewed the claim, the results of any such review, and which courts, if any, still needed to issue a decision.

Upon reviewing the petition, the motion to stay, and the August 20, 2015 supplement, the court finds that the petitioner has not established good cause for staying the Sixth Amendment claim he made in his *habeas* petition while he exhausts his constitutional claims related to the racial composition of the jury. Contrary to the court's order, the petitioner has not provided the court with any information about whether he has presented his jury claim to any state court for appeal or post-conviction review. The court's independent review of the state court dockets turned up no information suggesting the petitioner has

3

presented the jury claim to a state court. Consequently, the court finds that the petitioner has not taken any action to exhaust the jury claim in the state courts, and his status as a *pro se* litigant does not constitute "good cause" either for his failure to present his unexhausted claims to the state courts or for granting a stay under Rhines. Yeoman v. Pollard, No. 14-CV-225, 2015 WL 4600851, at *2 (E.D. Wis. July 28, 2015); Eison v. Baenen, No. 12-CV-932, 2013 WL 1067989, at *3 (E.D. Wis. Mar. 14, 2013).

Moreover, based on the information in the petitioner's supplemental filing, the court concludes that his claim regarding the racial composition of the jury lacks merit. The Supreme Court has held that a defendant is not entitled to a jury whose members are of the same race as the defendant. Batson, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717 (1986). "[A] defendant has no right to a petit jury composed in whole or in part of persons of his own race . . . [b]ut the defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." Id., 476 U.S. at 85-86, 106 S. Ct. at 1717 (internal quotation marks and citations omitted). "The mere observation that a particular group is under represented on a particular panel does not support a constitutional challenge." United States v. Phillips, 239 F.3d 829, 842 (7th Cir. 2001) (citing United States v. Grose, 525 F.2d 1115, 1119 (7th Cir. 1975)). "To challenge the jury array on constitutional grounds, defendant must establish that the procedure adopted for the selection of prospective jurors in the [trial court] amounts to 'purposeful or deliberate' exclusion of blacks from jury service." Grose, 525 F.2d at 1118 (citing Swain v.

4

Alabama, 380 U.S. 202, 203-04, 85 S. Ct. 824 (1965)). In Grose, on direct appeal, the Seventh Circuit concluded that the defendant's challenge to the racial composition of the jury array failed (among other reasons) because his motion and brief "indicated no factual basis . . . for a finding of improper methods of jury selection." Id. at 1119.

In this case, the petitioner states that his Fourteenth Amendment due process rights were violated because he was tried "before an all white jury" and that his Sixth Amendment right to counsel was violated because his trial counsel did not "object to the all white jury." Dkt. No. 8 at 1. This argument assumes that he had a constitutional right "to be judged by peers of the petitioner's race." Id. at 2. Based on the petitioner's filings, however, it appears that the reason there were no persons of color on the plaintiff's jury was because he was tried in a county that had a small minority population, not because the court or the parties did anything improper in empaneling the jury pool or selecting the jury. See id. at 2. The petitioner indicated that a prospective juror expressed concerns that he did not "see any black persons in the jury pool." The petitioner alleges that, in response to this, the judge responded: "And we cannot draw jurors from Racine or Rock County. And if you can only draw jurors from Walworth County we can only use the pool of minorities that county presents to us." Id.

The petitioner did not provide any facts suggesting that anyone—the prosecutor, the defense attorney or the judge—did anything improper, or racially motivated, in selecting either the jury pool or the jury itself. Rather, he

5

simply argues that his lawyer should've notice that there were no people of color on the jury, and should've somehow done something about it. This allegation is not sufficient under the law to state a constitutional claim.

Because the petitioner does not appear to have exhausted—or even tried to exhaust—his remedies in state court with regard to the jury composition claim, and because the facts he presents do not provide a basis for such a claim, the court will deny the plaintiff's motion to stay the *habeas* proceedings.

As a result, the petitioner has two options: (1) he can proceed on his pending petition (which includes only his exhausted ineffective assistance claim, alleging that his attorney did not object to the prosecutor's vouching); or (2) he can dismiss this *habeas* petition, return to state court to exhaust his state court remedies on the unexhausted jury composition claim, and then attempt to refile his federal *habeas* petition after he has exhausted his state court remedies as to *all* of his claims. The court assumes that the petitioner will choose to proceed with the current *habeas* petition as is. Because the petitioner filed a motion to stay further proceedings on his exhausted claim, however, the court isn't sure if that assumption is correct. Accordingly, the court will ask the petitioner to advise the court on or before November 16, 2015, whether he intends to proceed on his pending petition.

The court warns the petitioner that, if he chooses the second option (in other words, if he chooses to dismiss this *habeas* petition and go back to state court), the petitioner likely would lose the opportunity for federal habeas review of *all* of his claims, including the one he already exhausted. See 28 U.S.C.

§2244(d)(1). This is because "AEDPA requires a federal habeas petition to be filed within one year from 'the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Ray v. Clements, 700 F.3d 993, 1003 (7th Cir. 2012) (quoting 28 U.S.C. §2244(d)(1)(A)).

Because the petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, his conviction became final for purposes of §2244(d)(1)(A) when the time for filing such a petition expired. Id. (citing Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002)). The Wisconsin Supreme Court denied the petitioner's petition for review on May 22, 2014. The petitioner does not appear to have filed any post-conviction motions in the state courts after that date. So the petitioner's conviction became final ninety days after May 22, 2014--on or about August 20, 2014--when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. The petitioner timely filed his *habeas* petition in this court on July 6, 2015. AEDPA's one-year statute of limitations continued to run after the petitioner filed his federal *habeas* petition, and it now has expired. See Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 2124 (2001) (holding "a properly filed federal habeas petition does not toll the limitation period"); Rhines, 544 U.S. at 274, 125 S. Ct. at 1533 ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations"). Thus, dismissing the petitioner's habeas petition "so he can exhaust his state court remedies would have the

7

Case 2:15-cv-00810-PP   Filed 10/08/15   Page 7 of 8   Document 10

effect of barring him from subsequently pursuing his habeas claims in federal court." Yeoman, 2015 WL 4600851, at *2.

The court **DENIES** the petitioner's motion to stay. Dkt. No. 2. The court **ORDERS** that on or before **NOVEMBER 16, 2015,** the plaintiff must file a letter indicating to the court whether he wishes to proceed on the single claim in his pending *habeas* petition, or wishes the court to dismiss the *habeas* petition so that he can return to state court.

Dated in Milwaukee this 8th day of October, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge