UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE L. LIPSON,  Case No. 15-cv-810-pp

    Petitioner,

v.

MARC CLEMENTS.

    Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On July 6, 2015, petitioner Tyrone Lipson, representing himself, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. The petition contained one ground for *habeas* relief—that the petitioner's Sixth and Fourteenth Amendment rights were violated when his attorney did not object to the prosecution's alleged improper personal and institutional vouching for the truth of certain witnesses' testimony. Dkt. No. 1-1. The petitioner also moved to stay proceedings on "this Writ pending the States [sic] decision on Counsel failing to object on an all white jury." Dkt. No. 2.

In an order dated July 28, 2015, the court concluded that the petitioner appeared to have exhausted his remedies for his Sixth Amendment claim, but explained that it could not determine whether good cause existed to allow the court to stay further action on the petition while the petitioner exhausted his claim based on the racial composition of the jury. Dkt. No. 7. The court asked the petitioner to explain the "facts supporting his claim that he is entitled to

1

habeas relief" because his counsel did not object to the racial composition of the jury." Id. at 4. On August 20, 2015, the petitioner filed a supplement to his petition. Dkt. No. 8. After reviewing the petition, the motion to stay, and the petitioner's supplement, the court found that the petitioner had not established good cause for staying his Sixth Amendment claim while he exhausts his constitutional claims related to the racial composition of the jury. Dkt. No. 10.

The court gave the petitioner two options: (1) to proceed on his pending petition (which includes only his exhausted Sixth Amendment claim, alleging that his attorney did not object to the prosecutor's improper vouching); or (2) to dismiss his petition, return to state court to exhaust his state court remedies on the unexhausted jury composition claim, and then attempt to refile his federal *habeas* petition after he exhausted his state court remedies for *all* of his claims. The court asked the petitioner to advise the court of which option he would prefer. On November 4, 2015, the petitioner advised the court that he intended to proceed on the claim in his pending *habeas* petition, stating that he would pursue his claim regarding the racial composition of the jury in the state courts. Dkt. No. 11.

The court will now review, or "screen," the exhausted claim contained in the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

2

At this stage, the court reviews the petition and its exhibits to determine whether the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

First, the court finds that the petition states a cognizable claim for relief arising under the Sixth Amendment. To establish a Sixth Amendment claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance was constitutionally deficient and that counsel's performance prejudiced his defense at trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). The petitioner alleges that, at trial, the prosecutor improperly vouched for the truth of the two complainants' testimony against the petitioner, and that his counsel was deficient in failing to object.

"Improper vouching is trying to bolster a witness's believability with 'evidence' that was not presented and may well not exist." United States v. Alexander, 741 F.3d 866, 869 (7th Cir. 2014) (quoting United States v. Edwards, 581 F.3d 604, 610 (7th Cir. 2009)). Improper vouching "includes prosecutorial expressions of a 'personal belief in the witness's truthfulness' but does not include a prosecutor's reminder to the jury 'of evidence presented at the trial that tends to show that a witness was telling the truth.'" Id. (quoting Edwards, 581 F.2d at 609-10). According to the petitioner, his trial counsel rendered ineffective assistance by failing to object to the prosecutor's alleged improper vouching. The petitioner claims that his trial counsel's failure to object prejudiced his defense. The petitioner's claim that his trial counsel's

3

performance violated the Sixth Amendment is cognizable in a federal *habeas* petition. Cullen v. Pinholster, 563 U.S. 170, 190-95, 131 S. Ct. 1388, 1404–06 (2011); Harrington v. Richter, 562 U.S. 86, 104-105, 131 S. Ct. 770, 788–89 (2011); Strickland, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Next, when screening a petition, the court must determine whether the petitioner has "exhausted" all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's *habeas* argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). So, before a federal judge can review a *habeas* petitioner's claims on their merits, the petitioner first must have appealed the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). In this case, the petitioner unsuccessfully presented his Sixth Amendment claim based on the prosecutor's alleged institutional vouching to all three levels of the Wisconsin state courts before he filed his §2254 petition.

The court next reviews the petition under Rule 4 to determine whether the petitioner has procedurally defaulted his Sixth Amendment claim. Even though a cognizable constitutional claim in a federal *habeas* petition has been exhausted in the state courts, the court still is barred from considering the claim if the petitioner procedurally defaulted that claim. See Mahaffey v. Schomig, 294 F.3d 907, 915 (7th Cir. 2002) (citing Boerckel v. O'Sullivan, 135 F.3d 1194, 1196–97 (7th Cir. 1998). A state prisoner procedurally defaults on a

4

constitutional claim in a *habeas* petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See O'Sullivan, 526 U.S. at 848; Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000). Based on the record presently before the court, the court cannot conclude that the petitioner has procedurally defaulted his Sixth Amendment claim.

For the above reasons, the court **ORDERS** that the petitioner may proceed on his Sixth Amendment claim alleging that his trial counsel rendered ineffective assistance by failing to object to the prosecutor's alleged improper vouching for the truth of certain witnesses' testimony.

The court **ORDERS** that within **sixty days** of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** following after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

5

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Dodge Correctional Institution.

Dated in Milwaukee, Wisconsin this 7th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge